FEE WAIVER PENDING

THEIDA SALAZAR   SBN: 295547
**LAW OFFICES OF THEIDA SALAZAR**
2140 North Hollywood Way #7192
Burbank, CA 91510
Telephone:   (818) 433-7290
Facsimile:   (818) 436-4009
salazarlawgroup@gmail.com

Attorneys for Plaintiff, SEAN CUNNINGHAM

**FILED**
Superior Court of California
County of Los Angeles

JUL 13 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Glorietta Robinson

Dept. #55   Assigned   *Mackey*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - UNLIMITED JURISDICTION

| | |
|---|---|
| SEAN CUNNINGHAM, an individual. | Case No.:   **BC 7 1 3 5 0 8** |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | |
| CITY OF LOS ANGELES, a government entity; LOS ANGELES POLICE DEPARTMENT, a government entity; OFFICER CASTRO (#42430); an individual; OFFICER BELSKY (#33006); an individual; OFFICER VALDEZ (#41787), an individual; OFFICER AGBANAWAG (#30422), an individual., | 1. Negligence; <br> 2. Defamation (Libel Per Se) Cal. Civ. Code § 45a; and <br> 3. Intention Infliction of Emotional Distress; <br> 4. Negligence Infliction of Emotional Distress; <br> 5. Unfair Business Practices in Violation of the <u>Business & Professions Code § 17200</u>; <br> 6. Breach of Covenant of Good Faith and Fair Dealing; <br> 7. Fraud/Intentional Misrepresentation; <br> 8. Negligent Misrepresentation; and <br> 9. Tortious Interference with Economic Advantage |
| Defendant. | 10. Assault <br> 11. Battery <br> 12. Civil Rights Liab. (U.S. Code Title 42, Section 1983) <br> 13. False Arrest and Imprisonment <br> 14. Violations of Cal Civ. Code Section 52.1 <br> 15. Vicarious Liability (Cal Civ. Code 1430) |

**PLAINTIFF DEMANDS JURY TRIAL**

COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 9
Doc# 1 Page# 1 - Doc ID = 1745823424 - Doc Type = OTHER

Plaintiff Sean Cunningham is filing this Complaint against Defendants City of Los Angeles, Los Angeles Police Department and Officers Belsky# 33006, Castro# 42430, Valdez# 41787, Agbanawag# 30422, further identified as follows:

**A.      Identification of Parties**

1. Plaintiff  Sean Cunningham is a resident of Los Angeles County, California.

2. Plaintiff is informed and believes that Defendant Officer Castro is an officer employed with LAPD and lives in and works in Los Angeles County.

3. Plaintiff is informed and believes that Defendant Officer Belsky is an officer employed with LAPD and lives in and works in Los Angeles County.

4. Plaintiff is informed and believes that Defendant Officer Valdez is an officer employed with LAPD and lives in and works in Los Angeles County.

5. Plaintiff is informed and believes that Defendant Officer Agbanawag is an officer employed with LAPD and lives in and works in Los Angeles County.

6. Plaintiff is informed alleges and believes that Defendant CITY OF LOS ANGELES is the employer of the Defendant LOS ANGELES POLICE DEPARTMENT.

7. Plaintiff is informed alleges and believes that LOS ANGELES POLICE DEPARTMENT is the employer of Defendant Officers.

**B.      Jurisdiction and Venue**

8. This Court has jurisdiction over Defendant LAPD because it does business in and has extensive contacts with Los Angeles County.

9. This Court has jurisdiction over Defendant City of Los Angeles because it is a government entity in Los Angeles County.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

- 1 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 10
Doc# 1 Page# 2 - Doc ID = 1745823424 - Doc Type = OTHER

10. This Court has jurisdiction over Defendant Officers, because they live in and work in Los Angeles County.

11. The cause of action stated herein arose in Los Angeles County, California because of the location of the incidents occurrence in Los Angeles County. Accordingly, venue of this action is proper pursuant to California Code of Civil Procedure §393.

12. Plaintiff is a resident of Los Angeles County and filed a claim with Defendants as required by the *Government Code*. Said claim was denied, which prompted Plaintiff to file this complaint to redress his grievance.

**B.    Agency and Conspiracy Allegations**

13. Defendant, CITY OF LOS ANGELES was an agent, partner director, employer, director, or joint venturer of Defendant LOS ANGELES POLICE DEPARTMENT and LAPD Officers doing the things herein alleged was acting within the course and scope of said agency, partnership, or association and under the direction of, and with the consent and permission, advance knowledge and/or ratification of the other defendants.

14. At all times relevant, the Employees of Defendant City of Los Angeles, including Officers Belsky# 33006, Castro# 42430, Valdez# 41787, Agbanawag# 30422, and possibly others, formed and operated under a common plan and agreement, with the resulting injuries and damages to Plaintiff arising from acts done in furtherance of the common design.

15. Furthermore, at all times relevant, the named employees and officers, aided and abetted the concealing of the information and conspired to injure Plaintiff. Defendants and each of them, participated in the commission of the torts alleged herein in that: (a) Defendant City of Los Angeles knew its employees conduct constituted a breach of duty and gave substantial assistance or encouragement to the other Defendants to so act, or, (b) Defendant

LAW OFFICES OF THEIDA SALAZAR
2140 nORTH hOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

- 2 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 11
Doc# 1 Page# 3 - Doc ID = 1745823424 - Doc Type = OTHER

LAPD gave substantial assistance to the Defendants in accomplishing a tortious result and that each Defendant's own conduct, separately considered, constituted a breach of duty to Plaintiffs.

16. The Defendants are liable for the acts of each other through principles of Respondeat Superior, agency, ostensible agency, partnership, alter-ego and other forms of vicarious liability.

## C.    General Allegations

17. On Or about June 26, 2017 Plaintiff was on the sidewalk at or near 19655 Parthenia St., when two uniformed LAPD officers approached and inquired how his night was going.

18. Plaintiff responded to the inquiry, "Am I free to go?" The officers responded "No." Plaintiff immediately asked if he was being detained and the offices explained "Yes", that he was being detained.

19. Plaintiff asked, "for what crime was he under suspicion of committing, trespassing"? The officers responded. Within five seconds or more of asking this question, a third officer (red haired) came up from behind the two officers speaking with Plaintiff, and sprayed Plaintiff with a chemical irritant in the face and mouth for no reason and without provocation.

20. Plaintiff screamed, turned to the left to spit out the chemical agent that entered his mouth.

21. LAPD Officers grabbed Plaintiffs right arm and screamed "SPIT MASK", as Plaintiff attempted to spit the chemical agent out of his mouth.

22. LAPD Officers continued to physically assault Plaintiff and affixed the spit mask, and wrestled him to the ground and repeated "Stop Resisting!" even though it was evident and apparent Plaintiff was not resisting.

23. While exerting the force of multiple officers during the takedown, Plaintiff's face hit the ground at which point the officers fractured Plaintiffs nose.

LAW OFFICES OF THEIDA SALAZAR
2140 nORTH hOLLYWOOD wAY #7192
BURBANK, CALIFORNIA 91510

EXHIBIT 1 - Page 12

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

24. Plaintiffs left arm is underneath his body and the weight of at least two officers was on his back. The officer scream "Stop resisting, give us your left arm!" three times, meanwhile Plaintiff is unable to breathe and cannot respond or move his arm.

25. After the third demand, LAPD Officers grabbed Plaintiff's left bicep and pulled as hard as they could and fractured the arm, possibly intentionally.

26. The officer placed Plaintiff in handcuffs and upon realizing the severity of the Plaintiffs fractures, they finally called an ambulance where Plaintiff was taken to Northridge Hospital Medical Center.

27. Plaintiff was diagnosed with a broken left arm, and a broken nose and his right arm was cuffed to the right ride of the bed facing outward - for two days.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)
### Against All Defendants

28. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through twenty-seven (27) as though fully set forth hereafter.

29. Defendant Officers had a duty to use due care in facilitating its endeavors so as not to not cause injury to others.

30. Defendant Officers failed to meet that duty. Among other things, Defendant Officers failed to protect Plaintiff from harm, which they are sworn to do in addition to failing to safely and properly facilitate their duties as specifically applicable to Plaintiff.

31. Defendant Officers has a duty to immediately transport Plaintiff to a location where he could self-decontaminate and receive treatment for the fractures he received during the incident and failed to do so, in effort to conceal the event and preclude Plaintiff from being aware of its occurrence and delay his treatment.

- 4 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 13
Doc# 1 Page# 5 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

32. Defendants, and each of them, including LAPD and City of Los Angeles, are held to a higher standard as a governmental entity in place to protect and serve the public at large.

33. As a further proximate result of the dangerous condition created by Defendants, and each of them, Plaintiff has been required to expend money and incur obligations for medical services, reasonably required in the treatment and relief of the injuries herein alleged, and Plaintiff has been damaged thereby.

34. As a further proximate result of the dangerous condition created by Defendants, and each of them Plaintiff has incurred, and will continue to incur, medical and related expenses.

35. California Civil Code section 1714.1, states: "Any act of willful misconduct of a minor that results in injury or death to another person, or in any injury to the property of another, shall be imputed to the parent or guardian having custody and control of the minor for all purposes of civil damages."

36. Defendant Officers, and each of them had a duty to use due care so as not to not cause injury to others.

37. Defendant's, and each of them failed to meet that duty by fracturing the nose and arm of Plaintiffs.

38. Defendant's, and each of them, as their acts and omissions were a substantial factor in causing Plaintiff's injuries.

39. Defendant Officers are sued under jointly and severally along with Defendants City of Los Angeles and Los Angeles Police Department.

40. Defendant's and each of them, breached their duty to Plaintiff, which was the proximate cause of Plaintiff being harmed and suffering injuries.

41. Defendant's and each of them, committed acts and omissions to act which were a substantial factor in causing Plaintiff's injuries.

EXHIBIT 1 - Page 14
Doc# 1 Page# 6 - Doc ID = 1745823424 - Doc Type = OTHER

## SECOND CAUSE OF ACTION
## DEFAMATION (LIBEL PER SE in violation of Cal. Civ. Code § 45a )
## Against Defendant Officers

42. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through forty-one (41) as though fully set forth hereafter.

43. Law enforcement officer have the power of writing police reports and sending those reports to the District Attorney. Prosecutors rely on these reports to decide whether to file criminal charges, and what charges to file. Whether or not the reports are signed under penalty of perjury, officers, acting under color of authority, have a duty not to perjure themselves even if it is to conceal their own criminal acts.

44. The language of *Cal. Civ. Code § 45a* has permitted California courts to take an expansive view in interpreting the viability of a claim for libel per se.

45. "A statement can also be libelous per se if it contains a charge by implication from the language employed by the speaker and a listener could understand the defamatory meaning without the necessity of knowing extrinsic explanatory matter." *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 112 (Cal. Ct. App. 2007).

46. *Penal code §148*, provides every peas officer commits a felony, when the knowingly report false incident and facts and represent them as truth.

47. Defendant Officers did submit and disseminate material that contains a litany of falsehoods, inflammatory, egregious, discriminatory, abhorrent, and deplorable statements are regarding the Plaintiff.

48. Defendant's submitted this information to the District Attorney, knowing it would be public information and obtainable by the public and that the statements on their face were damaging

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

- 6 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 15
Doc# 1 Page# 7 - Doc ID = 1745823424 - Doc Type = OTHER

and harmful and its defamatory meaning is easily ascertained without supplemental knowledge or information.

49. Therefore, Defendant's report meets the threshold burden to be considered libel per se.

50. Defendants' report were a substantial factor in causing Plaintiff's injuries.

51. Defendants actions were the proximate cause of Plaintiff being harmed and suffering injuries.

52. As a further proximate result of the actions of Defendant's actions, and each of them, Plaintiff has been required to expend money and incur obligations for medical services, reasonably required in the treatment and relief of the injuries herein alleged and has been damaged thereby.

53. As a further proximate result of the dangerous condition created by the Defendant, Plaintiff has incurred, and will continue to incur, medical and related expenses.

### THIRD CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### Against All Defendants

54. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through fifty-three (53) as though fully set forth hereafter.

55. Conduct of Defendant's fracturing the arm and nose of Plaintiff and falsifying reports was extreme and outrageous and done with the intent to cause Plaintiff emotional distress.

56. Plaintiff claims that Defendants Officers conduct caused him to suffer severe emotional distress.

57. Defendant Officers acted intentionally, maliciously, and in reckless disregard of the probability that Plaintiff would suffer emotional distress.

LAW OFFICES OF THEIDA SALAZAR
2140 nORTH hOLLYWOOD wAY #7192
BURBANK, CALIFORNIA 91510

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

58. Plaintiff suffered severe emotional distress and as a result required therapy as a direct result of Defendant's Officers conduct.

59. Defendant's Officers extreme and outrageous conduct was a substantial factor in causing Plaintiff severe emotional distress.

60. Defendant Officers extreme and outrageous conduct was the proximate cause of Plaintiff being harmed and suffering injuries.

61. Defendant Officers, decision to injure Plaintiff with such significant force, was extreme and outrageous and beyond the scope of an educational institution, as they are held to a higher standard.

62. As a further proximate result of the extreme and outrageous conduct of Defendant's, and each of them, Plaintiff has been required to expend money and incur obligations for medical services, reasonably required in the treatment and relief of the injuries herein alleged and has been damaged thereby.

63. As a further proximate result of the dangerous condition created by the Defendant, Plaintiff will incur future damages and will require future treatment.


## FOURTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)
### As Against All Defendants

64. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through sixty-three (63) as though fully set forth hereafter.

65. Conduct of Defendant's fracturing the arm and nose of Plaintiff and falsifying reports was extreme and outrageous and done with the intent to cause Plainitff emotional distress.

66. Plaintiff claims that Defendants Officers conduct caused him to suffer severe emotional distress.

COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 17
Doc# 1 Page# 9 - Doc ID = 1745820544 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

67. Defendant Officers acted negligently, wantonly, maliciously, and in reckless disregard of the probability that Plaintiff would suffer emotional distress.

68. Plaintiff suffered severe emotional distress and as a result required therapy as a direct result of Defendant's Officers conduct.

69. Defendant's Officers extreme and outrageous conduct was a substantial factor in causing Plaintiff severe emotional distress.

70. Defendant Officers extreme and outrageous conduct was the proximate cause of Plaintiff being harmed and suffering injuries.

71. Defendant Officers, decision to injure Plaintiff with such significant force, was extreme and outrageous and beyond the scope of an educational institution, as they are held to a higher standard.

72. As a further proximate result of the extreme and outrageous conduct of Defendant's, and each of them, Plaintiff has been required to expend money and incur obligations for medical services, reasonably required in the treatment and relief of the injuries herein alleged and has been damaged thereby.

73. As a further proximate result of the dangerous condition created by the Defendant, Plaintiff will incur future damages and will require future treatment.

### FIFTH CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICES),
### PURSUANT TO BUSINESS AND PROFESSIONS §17200)
### As Against LAPD and CITY OF LOS ANGELES

74. Plaintiff restates and incorporates by reference each and every allegation contained in the paragraphs one (1) through seventy-three (73) as fully set forth herein.

- 9 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 18
Doc# 1 Page# 10 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

75. Defendant LAPD and CITY OF LOS ANGELES, without limitation, consciously, deliberately, and in bad faith denied Plaintiff treatment after they knew he was injured and entitled to receive medical treatment immediately, as more fully alleged herein.

76. Defendant LAPD, without limitation, consciously, deliberately, and in bad faith denied Plaintiff medical treatment and in addition to this, Defendant CITY OF LOS ANGELES, failed to properly investigate the matter failed to promptly investigate the matter, and unreasonably denied Plaintiff Cunningham's Claim.

77. Defendants actions are in violation of California Business and Professions Code § 12024.1.

78. The Officers conduct is "unlawful, unfair and fraudulent," within the meaning of Business and Professions Code §17200.

79. The wrongful conduct of Defendants, unless enjoined by court order, will cause great and irreparable harm to Plaintiff, and others similarly situated, as Defendants and each of them, will continue to engage in conduct prohibited by Business and Professions Code §17200 et seq.

## SIXTH CAUSE OF ACTION
## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)
## As Against LAPD and CITY of LOS ANGELES

80. Plaintiff restates and incorporates by reference each and every allegation contained in the paragraphs one (1) through Seventy-Nine (79) as fully set forth herein.

81. Defendant CITY OF LOS ANGELES, without limitation, consciously, deliberately, and in breach of good faith, unreasonably denied Plaintiff immediate medical attention and from discovering the extent of his injuries from this incident, as more fully alleged herein.

82. Defendant CITY OF LOS ANGELES, without limitation, consciously, deliberately, and in breach of fair dealing, denied Plaintiff the right to information he was entitled

- 10 -

to know at the time of incident and failed to properly investigate the incident and unreasonably attempted to conceal facts.

83. Defendants actions are in violation of California Law Enforcement Industry standards, practices, protocol, and customs.

84. The wrongful conduct of Defendants, unless enjoined by court order, will cause great and irreparable harm to Plaintiff CUNNINGHAM, and possibly other students similarly situated, as Defendant LAPD and City of LOS ANGELES will continue to engage in conduct in breach of the covenant of good faith and fair dealing.

## SEVENTH CAUSE OF ACTION
## (FRAUD/INTENTIONAL MISREPRESENTATION)
### As Against Defendant Officers

85. Plaintiffs refer to and incorporate the factual allegations set forth in paragraphs one (1) through eighty-eight (88) as though fully set forth hereafter.

86. Defendant Officers willfully and intentionally engaged in fraud and misrepresentation as defined by California Civil Code § 1572. Defendant, purposefully, recklessly, or intentionally or by some other actionable manner prevented Plaintiff from learning the truth regarding his injuries at the time of the incident.

87. Defendant's fraudulent representation and concealment of truth damaged the Plaintiff.

88. Defendant's fraudulent representation of the facts in the incident reports and decision to delay the transport of Plaintiff were deceitful, dishonest, and in contradiction of what the institution claims it stands for in its assertions and representations to the public and communities at large that they "Protect and Serve".

89. Defendant LAPD and Defendant Officers made such actions of concealment recklessly and without regard for the truth. Moreover, Defendant Officers intentionally suppressed the true

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

07/16/2018

EXHIBIT 1 - Page 20

Doc# 1 Page# 12 - Doc ID = 1745823424 - Doc Type = OTHER

1   facts regarding the incident to preclude being held responsible for the actions of its

2   employee Officers.

3   90. Defendants created an unlawful scheme, to effectuate a harm upon Plaintiff

4   CUNNINGHAM and intentionally suppressing facts was an intricate part of their scheme.

5   This was the proximate cause of Plaintiffs harm and resulted in damages, an amount of

6   which will be shown at trial.

7

8   ### EIGHTH CAUSE OF ACTION
    ### (NEGLIGENT MISREPRESENTATION)
9   ### As Against Defendant Officers

10

11  91. Plaintiffs refer to and incorporates the factual allegations set forth in paragraphs one (1)

12  through ninety-four (94) as though fully set forth hereafter.

13  92. Defendant Officers willfully and intentionally engaged in fraud and misrepresentation as

14  defined by California Civil Code § 1572. Defendant, purposefully, recklessly, or

15  intentionally or by some other actionable manner prevented Plaintiff from learning the truth

16  regarding his injuries at the time of the incident.

17

18  93. Defendant's fraudulent representation and concealment of truth damaged the Plaintiff.

19  94. Defendant's fraudulent representation of the facts in the incident reports and decision to

20  delay the transport of Plaintiff were deceitful, dishonest, and in contradiction of what the

21  institution claims it stands for in its assertions and representations to the public and

22  communities at large that they "Protect and Serve".

23

24  95. Defendant LAPD and Defendant Officers made such actions of concealment recklessly and

25  without regard for the truth. Moreover, Defendant Officers intentionally suppressed the true

26  facts regarding the incident to preclude being held responsible for the actions of its

27  employee Officers.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

- 12 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 21
Doc# 1 Page# 13 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

96. Defendants created an unlawful scheme, to effectuate a harm upon Plaintiff

CUNNINGHAM and intentionally suppressing facts was an intricate part of their scheme.

This was the proximate cause of Plaintiffs harm and resulted in damages, an amount of

which will be shown at trial

## NINTH CAUSE OF ACTION
## (TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE)
### As Against All Defendants

97. Plaintiffs refer to and incorporates the factual allegations set forth in paragraphs one (1)

through Ninety-Six (96) as though fully set forth hereafter.

98. Plaintiff is a videographer and works extensively in and around Southern California.

His work requires him to have the ability to carry film and camera equipment and

other tools to maximize his work product. Plaintiff is actively sought out by

production companies in and around the nation. These factures perpetuated by

Defendants substantially impaired Plaintiff's professional growth, development, and

stifled his career causing him to lose thousands of dollars as he endured

rehabilitation, therapy, and treatment.

99. Defendant LAPD, and Officers were unwilling to be truthful and ultimately ignored

their oath, duty, and obligation to Plaintiff and failed to protect the Plaintiff from

harm and report this matter correctly according to Peace Officer standards, customs,

and practices.

100. Defendant Officers conduct was wrongful and caused injuries to Plaintiff.

Moreover, Defendant intended to disrupt the quality of life and progress of Plaintiff

Cunningham and had knowledge that their actions were harmful to Plaintiffs.

EXHIBIT 1 - Page 22
Doc# 1 Page# 14 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

101. Defendants sought to disrupt the professional endeavors of the Plaintiff, thus damaging economic standing of Plaintiff and causing him harm. The harm is evident from the fact the Plaintiff required treatment from two separate fractures, which increased economic damages suffered by Plaintiffs. This is a causal connection between the wrongful act and the harm.

102. The exact amount of financial loss as a result of the Defendants misrepresentation, and each of them is currently not ascertained but will be shown according to proof at time of trial.

### TENTH & ELEVENTH CAUSE OF ACTION

### (ASSAULT, Pursuant to Civil Code 1708.5, As Against All Defendants)

103. Plaintiffs refer to and incorporates the factual allegations set forth in paragraphs one (1) through One Hundred and Two (102) as though fully set forth hereafter.

104. On or about June 26, 2017, while a customer at 19655 Parthenia St, in Northridge, California, Plaintiff was brutally assaulted by DEFENDANT Officers Valdez, Castro, Belsky, Agbanawag and others during the course and scope of their occupation endeavor as Peace Officers controlled, managed, supervised and maintained by the Los Angeles Police Department and City of Los Angeles, in the State of California.

105. As a proximate result of Defendant Officers' willful, wanton, malicious and oppressive conduct, plaintiff sustained physical, emotional, and psychological injuries, became depressed, and suicidal and suffered severe and extreme mental and emotional distress in an amount according to proof.

106. As a proximate result of the negligence of defendants, and each of them, Plaintiff was injured in his physical and emotional health, strength and activity, sustaining injury to his person, all of which injuries have caused, and continue to cause, plaintiffs great mental,

- 14 -

EXHIBIT 1 - Page 23
Doc# 1 Page# 15 - Doc ID = 1745823424 - Doc Type = OTHER

physical, nervous pain and suffering.  As a result of such injuries, plaintiff has suffered general damages in an amount according to proof.

107.    Plaintiff Cunningham has suffered severe and extreme mental and emotional distress as a result of defendant's action in an amount according to proof.

108.    As a proximate result of Defendant's willful, wanton, and malicious conduct, Plaintiff has incurred medical bills, and other economic damages in an amount according to proof.

109.    The outrageous conduct of Defendants, and each of them, caused injury to the plaintiff and was despicable, outrageous, and/or illegal conduct carried on with a willful and conscious disregard of the rights and safety of plaintiff and subjected the plaintiff to unjust hardship in conscious disregard for his medical welfare and rights as a patient, so as to justify an award of exemplary and punitive damages to punish Defendants, and each of them, for their actions and prevent future conduct.

## ELEVENTH CAUSE OF ACTION

## (BATTERY, Pursuant to Civil Code 1708.5, As Against All Defendants)

110. Plaintiffs refer to and incorporates the factual allegations set forth in paragraphs one (1) through One Hundred and Nine (109) as though fully set forth hereafter.

111. On or about June 26, 2017, while a customer at 19655 Parthenia St, in Northridge, California, Plaintiff was brutally battered by DEFENDANT Officers Valdez, Castro, Belsky, Agbanawag and others during the course and scope of their occupation endeavor as Peace Officers controlled, managed, supervised and maintained by the Los Angeles Police Department and City of Los Angeles, in the State of California.

112. As a proximate result of Defendant Officers' willful, wanton, malicious and oppressive conduct, plaintiff sustained physical, emotional, and psychological injuries, became

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

- 15 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 24

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

depressed, and suicidal and suffered severe and extreme mental and emotional distress in an amount according to proof.

113. As a proximate result of the negligence of defendants, and each of them, Plaintiff was injured in his physical and emotional health, strength and activity, sustaining injury to his person, all of which injuries have caused, and continue to cause, plaintiffs great mental, physical, nervous pain and suffering.  As a result of such injuries, plaintiff has suffered general damages in an amount according to proof.

114. Plaintiff Cunningham has suffered severe and extreme mental and emotional distress as a result of defendant's action in an amount according to proof.

115. As a proximate result of Defendant's willful, wanton, and malicious conduct, Plaintiff has incurred medical bills, and other economic damages in an amount according to proof.

116. The outrageous conduct of Defendants, and each of them, caused injury to the plaintiff and was despicable, outrageous, and/or illegal conduct carried on with a willful and conscious disregard of the rights and safety of plaintiff and subjected the plaintiff to unjust hardship in conscious disregard for his medical welfare and rights as a patient, so as to justify an award of exemplary and punitive damages to punish Defendants, and each of them, for their actions and prevent future conduct.

## TWELFTH CAUSE OF ACTION

## (CIVIL RIGHTS LIABILITY, Pursuant to U.S Code, Title 42, Section 1983, As Against Defendants Castro, Belsky, Valdez, and Agbanawag)

117. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through One Hundred and Sixteen (116) as though fully set forth hereafter.

118. *Federal Civil Rights act, 42 U.S.C. §§1981-1988* provides the statutory basis for federal police abuse actions against state or local officers.

EXHIBIT 1 - Page 25
Doc# 1 Page# 17 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

119. *U.S.C. §1983,* as pertinent to this complaint, states: "Every person who, under color of any statute, oridnance, regulation, custom, or usage of any state….subjects, or causes to be subjected, any citizen of the United States….within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and law, shall be liable to the party injured in an action at law…."

120. When Police Officers use excessive force under color of authority, *§1983* allows an individual to seek remedy for the violation of civil rights.

121. In *Washington v Davis,* 426 U.S. 229 (1976) and *Arlingotn Heights v. Metropolitan Housing Corp,* 429 U.S. 252 (1977) precedent was established that an arrestee in the custody of the arresting officer is still sheltered by the Fourth Amendment.

122. In *Graham v. Connor*, 490 U.S. 386, 109 S. Cir. 1865 (1989), the Supreme Court held the use of excessive force during an arrest is judged by Fourth Amendment standards, following its decision in *Tennessee v. Garner,* 471 U.S. 1 (1985).

123. In *Vineyard v. Wilson,* 311 F 3d 1340 (11th Cir. 2002), the Court held that the use of pepper spray against unresisting arrestees may be held to be excessive. In *Park v. Shifflett,* 250 F.3d 843 (4th Cir. 2001) the Court held that spraying an unarmed woman twice from close range was excessive and that the use of pepper spray at close range against an unarmed subject may constitute excessive force.

124. The failure to ameliorate in a timely fashion the effects of the spray is excessive force. In *LaLonde v. County of Riverside,* 204 F. 3d 947, 961 (9th Cir. 2000), the Court ruled that once the suspect was under control, failure to alleviate the harmful effects of pepper spray constitute excessive force.

125. The claim of excessive force is actionable even is the arrest that predicated the complaint was legal. See *Ridley v. Leavitt,* 631 F. 2d 358 (4th Cir. 1980); *Smith v. Hearod,* 498 F. 2d 664 (5th Cir. 1974).

EXHIBIT 1 - Page 26
Doc# 1 Page# 18 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

126. In *Whitley v. Albers,* 475 U.S. 312 (1986), the court held that only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment, precluded by the 8th amendment. The standard with regard to use of force ultimately turns on the question of "whether force was applied in good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."

127. In *Bruner v Dunaway*, 684 F.2d 422 (6th Cir. 1982), the court ruled that any police officer who came in contact with Plaintiff had an obligation to see that the law was followed, enforced, and his Constitutional rights protected. *Yang v. Hardin*, 37 F.3d at 286 (7th Cir. 1996) held "each police officer has an independent duty to act".

128. Plaintiff was brutally assaulted and battered by DEFENDANT Officers Valdez, Castro, Belsky, Agbanawag and others during the course and scope of their occupation.

129. PLAINTIFF believes each officer contributed to his injuries and each officer had a duty to intervene and preclude his injury from occurring.

130. As a proximate result of Defendant Officers' willful, wanton, malicious and oppressive conduct, plaintiff sustained physical, emotional, and psychological injuries, became depressed, and suicidal and suffered severe and extreme mental and emotional distress in an amount according to proof.

131. As a proximate result of the negligence of defendants, and each of them, Plaintiff was injured in his physical and emotional health, strength and activity, sustaining injury to his person, all of which injuries have caused, and continue to cause, plaintiffs great mental, physical, nervous pain and suffering. As a result of such injuries, plaintiff has suffered general damages in an amount according to proof.

EXHIBIT 1 - Page 27
Doc# 1 Page# 19 - Doc ID = 1745813424 - Doc Type = OTHER

## THIRTEENTH CAUSE OF ACTION

### (FALSE ARREST AND IMPRISONEMENT, As Against Defendants Castro, Belsky, Valdez, and Agbanawag)

132.    Plaintiffs refer to and incorporates the factual allegations set forth in paragraphs one (1) through One Hundred and Thirty-One (131) as though fully set forth hereafter.

133.    In California, false imprisonment is defined as the "unlawful violation of the personal liberty of another" *Cal. Penal Code* § 236. The Penal Code definition applies in both criminal and civil action. See *Lyons v. Fire Ins. Exchange,* 161 Ca;. App. 4th 880, 74 Cal. Rptr. 3d 649 (2008). "The elements of a tortious claim of false imprisonment are (1) the nonconsensual, intentional confinement of a person; (2) without privilege; (3) for an appreciable period of time, however brief".  provides the statutory basis for federal police abuse actions against state or local officers.

134.    Plaintiff is informed and believed that the officer had no cause to detain him, and when he asked was he free to go, the response should have been yes as there was no criminal action exerted or committed by the Plaintiff Cunningham.

135. Moreover, Plaintiff will show the Officers engaged in "gang-like" activity, attempted to antagonize him, and ultimately conspired to assault, batter, and violate the Plaintiff and successfully engaged in said plan.

## FOURTEENTH CAUSE OF ACTION

### (VIOLATIONS FO CAL CIV. CODE SECTION 52.1, As Against All Defendants)

136.    Plaintiffs refer to and incorporates the factual allegations set forth in paragraphs one (1) through One Hundred and Thirty-Five (135) as though fully set forth hereafter.

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

EXHIBIT 1 - Page 28
Doc# 1 Page# 20 - Doc ID = 1745821424 - Doc Type = OTHER

137.     *California Civil Code § 52.1* ("Bane Act") allows a Plaintiff to file a complaint against those who interfere by "threats, intimidation or coercion", with the PLAINTIF's exercise of enjoyment of any state of federal constitutional or legal right. Some courts have found that allegation of false arrest may trigger a claim under section 52.1, although generally only a showing of bad faith will suffice. *See Cuviello v. City & County of San Francisco,* 940 F. Supp. 2d 1071, 1102 (N.D. Cal. 2013).

138.     As stated in this complaint, DEFENDANT Officers actions were unconstitutional attempts made in bad faith to violate Plaintiff's Civil Rights.

139.     Since the law's enactment in 1987, the California Supreme Court in *Venegas v. County of Los Angeles,* has clarified that "Civil Code Section 52.1 does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interferes with a constitutional or statutory right".

140.     Civil Code section 52.1, recognizes a private right of action for damages and injunctive relief for interference with civil rights.

141.     As a result of this conduct, Plaintiff Cunningham is entitled to punitive damages in an amount according to proof.

### FIFTEENTH CAUSE OF ACTION

### (VICARIOUS LIABILITY Pursuant to Civil Code '1430,

### As Against CITY OF LOS ANGELES AND LAPD)

142.     Plaintiff reallege and incorporates herein by reference each and every allegation and statement contained in paragraphs one (1) through One Hundred and Forty-One (141), inclusive.

143.     Plaintiff is informed and believes and thereupon alleges that DEFENDANT Officers were, and are, employees of DEFENDANT LAPD and CITY OF LOS ANGELES.

LAW OFFICES OF THE IDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

- 20 -
COMPLAINT FOR DAMAGES

EXHIBIT 1 - Page 29
Doc# 1 Page# 21 - Doc ID = 1745823424 - Doc Type = OTHER

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

144.    Plaintiff is informed and believes and thereupon alleges that DEFENDANT Officers were in the course and scope of employment at the time of the incident, June 26, 2017.

144.    Plaintiff is informed and believes and thereupon alleges that the actions described in Paragraphs 19 through 27 of this Complaint, of DEFENDANT Officers and LAPD, and each of them, were such that they breached their duty to use the utmost care and diligence with respect to providing medical care for Plaintiff SEAN CUNNINGHAM.

145.    Plaintiff is informed and believes and thereupon alleges that the actions described in Paragraphs 19 through 27 of this Complaint, of DEFENDANT Officers and LAPD, and each of them, were such that they proximately caused harm to Plaintiff.

146.    Plaintiff is informed and believes and thereupon alleges that DEFENDANT LAPD and CITY OF LOS ANGELES are vicariously liable for the harm to Plaintiff arising from violation of Civil Code 1430.

WHEREFORE, Plaintiff SEAN CUNNINGHAM prays for judgment against Defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For medical and related expenses according to proof;

3.    For costs of suit herein incurred;

4.    For prejudgment interest;

5.    For punitive damages;

6.    For post judgment interest; and

7.    For such other and further relief as the court may deem just and property.

EXHIBIT 1 - Page 30
Doc# 1 Page# 22 - Doc ID = 1745821424 - Doc Type = OTHER

1  DATED: July 12, 2018

Respectfully submitted,

2

**LAW OFFICES OF THEIDA SALAZAR**

3

4  By:_____

5  THEIDA SALAZAR
Attorney for Plaintiff, SEAN CUNNINGHAM

6

7

8

9

10

11

LAW OFFICES OF THEIDA SALAZAR
2140 NORTH HOLLYWOOD WAY #7192
BURBANK, CALIFORNIA 91510

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 22 -
COMPLAINT FOR DAMAGES

07/16/2018

EXHIBIT 1 - Page 31